**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1.  **CARL HUFF, an individual,** ) | |
| ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| ) | **Case No.:  19-cv-78-CVE-JFJ** |
| **1. MONTU PATEL, an individual,** ) | |
| **2. SANJAY PATEL, an individual.** ) | **JURY TRIAL DEMANDED** |
| **3.PRICE TOWER HOSPITALITY LLC** ) | |
|  **a domestic limited liability company,** ) | **ATTORNEY LIEN CLAIMED** |
| ) | **FOR THE FIRM** |
| *Defendants,* ) | |
| ) | |

## COMPLAINT

**COMES NOW**, Plaintiff, Carl Huff ("Plaintiff") by and through his attorney of record,

Jessica N. Bailey of *Armstrong and Vaught, P.L.C.*, hereby bring these actions pursuant to Section

16(b) of the Fair Labor Standards Act of 1938, as amended, 29 USC §§ 201, *et seq*. (the "FLSA"

or "the Act") against Defendants for unpaid wages, improper deductions, statutory penalties,

prejudgment interest, post judgment interest, liquidated damages, attorney's fees and costs. In

support thereof, Plaintiff would respectfully allege as follows:

## JURISDICTIONAL REQUIREMENTS

1. At all times relevant to this cause of action, Plaintiff were employed by Defendants within the

   Northern District of Oklahoma.

2. At all times relevant to this cause of action, Defendant, Price Tower Hospitality LLC, was a

   domestic limited liability company that maintained offices within the Northern District of

   Oklahoma and maintained sufficient minimum contacts to the Northern District of Oklahoma.

3. At all times relevant to this cause of action, Defendant, Montu Patel was the owner, officer and/or director who is primarily responsible for setting policy regarding wages, determinations of an individual employee's exempt status under the FLSA, the decision to not compensate Plaintiff , the applicable overtime premium for hours worked in excess of forty (4) in any workweek, and all other decisions related to Defendants' compliance with the FLSA.

4. At all times relevant to this cause of action, Defendant, Sanjay Patel was the owner, officer and/or director who is primarily responsible for setting policy regarding wages, determinations of an individual employee's exempt status under the FLSA, the decision to not compensate Plaintiff , the applicable overtime premium for hours worked in excess of forty (4) in any workweek, and all other decisions related to Defendants' compliance with the FLSA.

5. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1367(a), and has supplemental jurisdiction of the state law claim pursuant to 28 U.S.C. §1367.

6. Declaratory and equitable relief are sought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, and compensatory and punitive damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.*

7. Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil Procedure and the above statutes.

8. This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Northern District of Oklahoma, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1391(b), because the unlawful employment practices alleged herein arose in this judicial district.

9. At all times relevant to this cause of action, Plaintiff were "employees" as defined in 40 Okla. Stat. Ann. §§ 165.1, *et seq*. and the FLSA.

10. At all times relevant to this cause of action, Plaintiff were "employees" engaged in "commerce" within the meaning of the FLSA, and are therefore entitled to the protections afforded by the overtime provisions of the FLSA, and have standing under Section 16(b) of the FLSA to maintain this cause of action.

11. Venue rests properly in this Court pursuant to 28 U.S.C. § 1391(b), (c).

## OPERATIVE FACTS

12. Plaintiff was hired by Defendants as a Front Desk Assistant around March 2016.

13. During his employment, Plaintiff was frequently scheduled to work in excess of forty (40) hours per week.

14. From March 2016 to December 2016, Plaintiff was compensated at a rate of one and a half times their regular pay for hours worked in excess of forty in a workweek.

15. In December 2016, Sunny Patel, owner, informed Plaintiff that he would no longer compensate him at a rate of one and a half times their regular pay for hours worked in excess of forty in a workweek. Plaintiff was never paid overtime from this date up until his termination on August 21, 2018.

16. Throughout his employment, Plaintiff was not classified as an exempt employee under the FLSA or OPLA.

## FIRST CLAIM
### (VIOLATION OF THE FAIR LABOR STANDARDS ACT)

17. Plaintiffs incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

18. At all times relevant to this cause of action, Plaintiff was employed by Defendants and regularly worked in excess of forty (40) hours per week in performance of duties assigned by

Defendants. Plaintiff was never compensated one and one-half (1 ½) times their regular hourly wages for hours worked in excess of forty in a workweek due to their misclassification as independent contractors.

19. Plaintiff is not exempt from the overtime compensation requirements of the FLSA under any exemptions set forth in the Act.

20. At all times relevant to this cause of action, Defendants had a statutory duty to maintain accurate time records covering all hours Plaintiff worked and to compensate Plaintiff at a rate of one and one-half (1 ½) times their regular hourly wages for all hours worked in excess of forty in one week.

21. Defendants failed to properly compensate Plaintiff for overtime worked, for all wages due, and said failure constitutes a knowing, willful and intentional violation of the FLSA.

**WHEREFORE**, premises considered, Plaintiff prays that the Court adjudge Defendants, in violation of the FLSA; enjoin Defendants from any further violations of the Act pursuant to Section 17 of the FLSA; require that Defendants maintain accurate and complete time records on all non-exempt employees; compensate Plaintiff for all hours worked in excess of forty (40) hours per week in accordance with the Act; and, after adjudication of the amount due to Plaintiff, that the Court enter final judgment against Defendants in sums respectively due to them for unpaid wages, with prejudgment interest thereon, liquidated damages, attorney fees and costs pursuant to Section 16(b) of the FLSA; and grant such other and further relief as the Court may deem to be just and proper.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

/s *Jessica N. Bailey*_____

4

5

**Jessica N. Bailey, OBA #33114**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
jbailey@a-vlaw.com
918-582-2500 – *Telephone*
918-583-1755 – *Facsimile*
***Attorney for Plaintiff***